## TOWER MFG. CO., Inc., v. MONSANTO CHEMICAL WORKS.

District Court, S. D. New York. March 1, 1927.

**1. Injunction ⟐121—Plaintiff, suing for infringement of improved process, held entitled to amend bill to allege infringement also of original process.**

Where bill alleged illegal use of improved process of manufacturing chemical, particulars of which were obtained from former employee of plaintiff under bonds of secrecy, *held*, plaintiff was entitled to amend bill to allege also illegal use of original process, in addition to improved process.

**2. Injunction ⟐56—Fiduciary obligation not to disclose or use secret process is violated by use of process differing in detail, but producing identical result.**

The fiduciary obligation of one bound not to disclose a secret process, or not to use such a process that has been improperly disclosed, is violated, where process employed is used to produce an identical result in ways directly suggested by the disclosure, but slightly differing from it in detail.

**3. Estoppel ⟐63—Where secret process is learned from employee violating bonds of secrecy, defendant, obtaining such knowledge, is estopped to question that process is secret.**

If defendant's knowledge of original or improved process is obtained through disclosures of former employee of competitor, in violation of contract binding him to secrecy, person obtaining such knowledge is estopped to question that process was secret or to claim that it was part of prior art.

In Equity. Suit by the Tower Manufacturing Company, Inc., against the Monsanto

Chemical Works. On motion for leave to amend complaint, and on motion to compel answer to further interrogatories. Motions granted. .

Edwin J. Prindle, of New York City, for complainant.

Wood, Molloy & France, of New York City (Melville J. France, of New York City, of counsel), for defendant.

AUGUSTUS N. HAND, District Judge. The complainant seeks to amend its bill by asserting illegal use of an alleged secret process of manufacturing peranitraniline, which defendant secured from one Groggins, who had agreed with the complainant that the process had not been disclosed to any one. An improvement over this process was worked out by Groggins while in the employ of the complainant under bonds of secrecy. It is alleged that he disclosed this improvement to the defendant, when he later went into its employ, and that the latter availed itself of the process. It is manifest that Groggins could not lawfully disclose to the defendant either the original or the improved process, and that the defendant could not use the process, if its use was based upon information derived from Groggins.

[1] When the complainant began this suit, it apparently only had information that the defendant was employing the improved process, and accordingly sought relief against that single invasion of its rights. Now that it has reason to believe that the defendant has reverted to the original process, and is thereby infringing, it ought not to be held to proof of infringement by the improved process only. I shall therefore allow the amendment of the bill, provided it be without prejudice to the order of reference already made and the proceedings already had, and with a right to the defendant to file a new answer to the complaint as amended.

[2] The second motion is to compel answer to further interrogatories, some of which involve the novel question whether there can be anything applicable to a secret process like the doctrine of equivalents familiar to the patent law. There seems to be no authority upon this subject, but I cannot think that the fiduciary obligation of one bound not to disclose a secret process, or not to use such a process that has been improperly disclosed, is not violated, where the process employed is used to produce an identical result in ways directly suggested by the disclosure, though slightly differing from it in detail.

The question is one of the real scope of the secret process and the closeness of approximation of the variation. Such a matter can only be determined on the trial, with all the evidence before the court. I do not suggest that the defendant ever derived the so-called original process from Groggins, or that the methods practiced by the defendant of purifying the article of manufacture in question can fairly come within the terms of the original or improved process; but I think that the master, who has to pass in the first instance on these questions, should have all the proof available, and that the interrogatories ought accordingly to be allowed.

[3] If it appears that either the original or the improved process, as properly construed, has been obtained by the defendant through disclosures of Groggins in defiance of his contract, it might make no difference that either process was a part of the prior art, because there would be an estoppel as between these parties, which would prevent the defendant from questioning that the process was secret, and would prevent its use by the defendant. I can see much similarity in this respect between a secret process and a patent. Westinghouse Electric & Mfg. Co. v. Formica Insulation Co., 266 U. S. 342, 45 S. Ct. 117, 69 L. Ed. 316.

The outstanding difference is that a patentee has a monopoly as against all the world, while the owner of a secret process has no right, except against those who have contracted, expressly or by implication, not to disclose the secret, or who have obtained it by unfair means.

Settle orders on notice.